Samuel LANGFORD *v.* STATE of Arkansas

CR 93-795                                    877 S.W.2d 593

Supreme Court of Arkansas
Opinion delivered June 27, 1994

*Appellant*, pro se.

No response.

PER CURIAM. Appellant Samuel Langford was found guilty of two counts of delivery of a controlled substance and sentenced to an aggregate term of imprisonment of 120 years. The judgment is on appeal to this court. Counsel for the appellant has filed a brief pursuant to *Anders* v. *California*, 386 U.S. 738 (1967) and our Rule 4-3(j)(1), contending that the appeal is wholly without merit.

Appellant was provided with a copy of the brief in accordance with Rule 4-3(j)(2) and advised by letter that pursuant to the rule, he was allowed to file within thirty days any points that he desired to raise on appeal. The return receipt on the letter advising appellant of his right to raise issues in the case indicates that the letter was received on May 10, 1994. On June 15, 1994, after the thirty-day period to file a *pro se* brief had elapsed, appellant tendered a *pro se* brief with a motion asking for an extension of time and permission to file the brief belatedly.

This court has consistently held that an extension of time to file a *pro se* brief in an *Anders* case, or permission to file to file the *pro se* brief belatedly, would not be granted absent a

showing that the thirty days allowed by the rule was not sufficient *See Reed* v. *State*, 278 Ark. 404, 646 S.W.2d 6 (1983).[1] As appellant gives no reason of any kind for his failure to tender the *pro se* brief in a timely manner, the motion is denied.

Motion denied.

---

[1] The *Reed* case refers to Supreme Court Rule 11(h) which was this court's rule respecting cases filed pursuant to *Anders* until Rule 4-3(j) replaced it May 1, 1993. In all pertinent respects, Rule 4-3(j) is identical to Rule 11(h).